EX PARTE SAM SMITHWICK.

No. 24670. November 30, 1949.
Appellant's Motion For Rehearing Denied (Without
Written Opinion) January 4, 1950.

*Henry Taylor*, and *Saulsbury, Skelton & Everton*, all of Temple, and *H. M. Wilder*, of George West, for appellant.

*Sam G. Reams*, District Attorney, Falfurrias, and *George P. Blackburn*, State's Attorney, Austin, for the state.

KRUEGER, Judge.

The grand jury of Jim Wells County indicted relator for the offense of murder with malice.

The venue of the case was changed from Jim Wells County to the district court of Bell County. After appellant had been taken to Bell County he applied to the district judge of said county for a writ of habeas corpus by means of which he sought to obtain his release from custody. The writ was granted and made returnable to the district judge of Jim Wells County where a hearing thereon was had. On the hearing thereof the district judge remanded him to the custody of the sheriff of Bell County without the benefit of bail. From this order appellant prosecutes his appeal to this court.

The evidence in this case is rather brief since only one witness was present at the time and place of the commission of the homicide. That appellant shot and killed Mr. Mason on the streets of the city of Alice is uncontroverted. The testimony of the witness who was present at the time and place of the shooting shows that appellant saw the deceased and Avelino Saenz in a truck; that he signaled to them to stop; that the deceased complied with the signal; that appellant, armed with a pistol, walked up to the truck in which the deceased and the witness were sitting, inquired of the deceased if he was Mr. Mason and

when told that he was, appellant told the witness to get out of the truck, pulled open the door of the deceased's truck and remarked "You son-of-a-gun' or something like that," and then shot him. There is not any evidence showing any excuse or any justification for the shooting, nor do we find any mitigating circumstances in the record. However, there is some evidence that the deceased's eye glasses and the chip from appellant's automatic pistol were later found upon the ground where the killing took place. Appellant contends that this shows a struggle occurred between the two parties and that he acted in self-defense. There is also evidence to the effect that after the first shot was fired, appellant was seen working with his pistol but why or for what reason he did so is not disclosed by the record. It occurs to us that from the conduct of appellant and his expressions he entertained some animosity toward the deceased and furnished ground for the conclusion that he was working with his pistol to shoot him again.

We have given the statement of facts our careful consideration and are of the opinion that the court did not err in refusing bail.

We have purposely refrained from expressing any conclusion other than that the judge was justified in denying bail.

Therefore, the judgment is affirmed.

Opinion approved by the court.